**William DANIELS, Plaintiff,**

v.

**P.O. Leonard LOIZZO, M.V.P.D., P.O. Daniel Fisher, M.V.P.D., and the Mount Vernon Police Department, Defendants.**

No. 87 Civ. 6024(MJL).

United States District Court,
S.D. New York.

Dec. 17, 1997.

Winthrop, Stimson, Putnam & Roberts, New York City (John Zaloom, of counsel), for Plaintiff.

Martino & Weiss, Mount Vernon, NY (Douglas Martino, of counsel), for Defendants.

## OPINION AND ORDER

LOWE, District Judge.

Before the Court is the motion *in limine* of Plaintiff William Daniels ("Plaintiff"), pursuant to Federal Rules of Evidence 403, 404, 608, and 609 to exclude his prior criminal history at trial. For the reasons stated below, Plaintiff's motion is granted in part and denied in part.

## BACKGROUND

On July 6, 1987, defendant police officers Leonard Loizzo and Daniel Fisher ("Officer Defendants") arrested Plaintiff, charging him with criminal possession of a weapon, reckless endangerment, and assault. Plaintiff was later acquitted by a jury of these charges.

In this civil rights action, Plaintiff alleges that, on the date of his arrest, the Officer Defendants used excessive force against him in violation of 42 U.S.C. § 1983 when they brutally attacked him and verbally abused him with racial epithets. Plaintiff further alleges that he suffered permanent physical injuries and mental anguish as a result of the Officer Defendants' conduct. He seeks damages for the alleged deprivation of his civil rights and for related state claims brought under the pendent jurisdiction of this Court. Defendants vigorously deny that any improper conduct occurred on their part.

Plaintiff's criminal record reveals that he has been convicted of the following offenses: (1) unauthorized use of a vehicle and possession of stolen property, in 1980, both Class A misdemeanors, (2) assault, criminal use of a firearm, and unlawful possession of a weapon, in 1981, for which he was paroled in 1985 ("1981 Conviction"), (3) disorderly conduct in 1986 and 1987,[1] (4) assault on a police officer, resisting arrest, and escape in the third degree,[2] in 1988, based on events that occurred on July 1, 1987 ("1988 Conviction"), (5) attempted assault on a police officer, in 1992, for which he was recently paroled ("1992 Conviction"),[3] and (6) conspiracy to possess and distribute cocaine, in 1994, for which he will begin serving a life sentence on January 7, 1998 ("1994 Conviction"). Plaintiff has faced additional arrests, but either was not convicted or had his convictions overturned.

Plaintiff asks the Court to preclude Defendants from offering or eliciting on cross-examination any evidence about his criminal history. Defendants oppose this motion to the extent that it seeks to exclude Plaintiff's 1981, 1988, 1992, and 1994 Convictions. Defendants concede the inadmissibility of evidence about Plaintiff's arrests that did not result in convictions.

## DISCUSSION

### I. *Admissibility of Prior Convictions Under Rule 404(b)*

Plaintiff contends that his prior criminal acts may not be admitted to show bad character under Federal Rule of Evidence 404(b) ("Rule 404(b)"). In response, Defendants insist that evidence of Plaintiff's escape, on July 1, 1987, from "the apprehension of Mount Vernon police detectives [who were] attempting to arrest [P]laintiff on an outstanding parole warrant" should be admissible to prove Plaintiff's motive to resist arrest on July 6, 1987. Defs.' Mem. of Law at 11. Defendants maintain that, to further establish motive for Plaintiff's conduct, the Court should also permit Defendants to introduce evidence of: (1) the details of the July 1, 1987 escape, including Plaintiff's assault on Mount

---

**1.** Under New York law, disorderly conduct is a violation. *See* N.Y. Penal Law § 240.20.

**2.** Under New York law, escape in the third degree and resisting arrest are Class A misdemeanors. *See* N.Y. Penal Law § 205.05; N.Y. Penal Law § 205.30.

**3.** Plaintiff was initially convicted of assault on a police officer, CPCS in the third degree, and resisting arrest, but those convictions were reversed on appeal. Before re-trial, Plaintiff pleaded guilty to the attempted assault charge.

Vernon detectives, and (2) the 1988 Conviction for assault, resisting arrest, and escape that resulted from the July 1, 1987 incident. *Id.*

▮ Generally, evidence of "other crimes, wrongs, or acts" is not admissible under Rule 404(b) to prove character or criminal propensity. *United States v. Gordon,* 987 F.2d 902, 908 (2d Cir.1993). Such evidence may be admissible for other purposes, including "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed.R.Evid. 404(b). The Second Circuit's "inclusionary approach" allows the admission of such evidence "for any relevant purpose" other than to show a defendant's criminal propensity. *Pagnucco v. Pan American World Airways, Inc.,* 37 F.3d 804, 823 (2d Cir.1994). The potentially broad reach of this "inclusionary" approach, however, is limited by the consideration of the prejudicial nature of the evidence under Rule 403.[4] *Berkovich v. Hicks,* 922 F.2d 1018, 1022 (2d Cir.1991). In addition, Rule 404(b) evidence, once admitted, must be accompanied by a limiting instruction. *See Huddleston v. United States,* 485 U.S. 681, 691–92, 108 S.Ct. 1496, 1502–03, 99 L.Ed.2d 771 (1988) (holding that trial court must instruct jury that evidence can only be considered for limited purpose); *see also United States v. Gilan,* 967 F.2d 776, 780 (2d Cir.1992).

In an excessive force case similar to ours, *Dean v. Watson,* No. 93 Civ. 1846, 1995 WL 692020, at *1–*2 (N.D.Ill. Nov. 16, 1995), the plaintiff alleged that the defendant police officer shot him without justification on April 8, 1992 (the "Incident"). Before trial, the plaintiff moved *in limine* under Rule 404(b) to exclude evidence of two outstanding bond forfeiture warrants for his arrest at the time of the Incident. *Id.* The defendant opposed the motion, arguing that the outstanding warrants "g[ave the plaintiff] a strong motivation to avoid capture." *Id.* at *2. The court

held the evidence of the bond warrants admissible for the purpose of demonstrating the plaintiff's motive to resist arrest. *Id.* at *3. The court, however, refused to permit the introduction of evidence about the nature of the charges underlying the warrants, finding the likelihood of prejudice substantially outweighed its probative value under Rule 403. *Id.*

▮ As in *Dean,* evidence of the outstanding parole warrant is admissible to demonstrate Plaintiff's motive to resist arrest on July 6, 1987.[5] However, the July 1, 1987 incident, along with the details of the escape, and the resulting 1988 Conviction are inadmissible because they do not demonstrate motive to resist arrest. Instead, the proffer of such evidence amounts to nothing more than a veiled attempt to do what Rule 404(b) prohibits—introduce bad acts evidence to show a propensity to commit such acts. *See Berkovich,* 922 F.2d at 1022. Accordingly, the Court will permit the introduction of evidence about the outstanding parole warrant as motive for resisting the July 6, 1987 arrest under Rule 404(b), but excludes evidence of the July 1, 1987 incident and the 1988 Conviction.

## II. Admissibility of Prior Convictions for Impeachment Purposes

Plaintiff asks the Court to bar Defendants from cross-examining him about his prior criminal convictions. Plaintiff contends that his convictions are inadmissible under Federal Rule of Evidence 609 ("Rule 609"). In response, Defendants argue that the 1981, 1988, 1992, and 1994 Convictions are admissible because they involve crimes of dishonesty or false statement. Defs.' Mem. of Law at 6–8. In addition, Defendants argue that the probative value of the 1981 Conviction substantially outweighs its prejudicial effect. *Id.*

---

**4.** Rule 403 provides for the exclusion of relevant evidence if its probative value is "substantially outweighed" by the danger of unfair prejudice, confusion, or waste of time. Fed.R.Evid. 403.

**5.** Although evidence of the outstanding parole warrant sheds light on Plaintiff's motive to resist

arrest on both July 1, 1987 and July 6, 1987, the July 1, 1987 incident is not at issue in this excessive force case. Accordingly, the outstanding parole warrant may only be offered as evidence of Plaintiff's motive to resist arrest on July 6, 1987.

Rule 609, as amended in 1990, governs the admissibility of criminal convictions for impeachment purposes in civil actions. 4 *Weinstein's Federal Evidence* § 609.04[3][a], at 609–36 (1997). Rule 609(a) authorizes the admissibility of such evidence under two circumstances. First, Rule 609(a)(1) permits the impeachment of a witness with convictions punishable by imprisonment in excess of one year subject to the balancing test of Rule 403. Fed.R.Evid. 609(a)(1).

Second, evidence that a witness has been convicted of a crime involving "dishonesty or false statement" must be admitted regardless of the severity of the punishment or any resulting prejudice. Fed.R.Evid. 609(a)(2). Because this rule is inflexible, "it was inevitable that Congress would define narrowly the words dishonesty or false statement, which, taken at their broadest, involve activities that are part of nearly all crimes." *United States v. Hayes*, 553 F.2d 824, 827 (2d Cir.1977). Hence, Congress emphasized that the second scenario was meant to refer to convictions "peculiarly probative of credibility, such as those for perjury or subornation of perjury, false statement, criminal fraud, embezzlement, false pretense, or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully." *Id.*

Rule 609(b), however, erects a time limitation to the admissibility of convictions for impeachment purposes. Criminal convictions more than ten years old [6] are not admissible for impeachment unless the court determines that, in the interest of justice, the probative value of the conviction substantially outweighs its prejudicial effect. Fed.R.Evid. 609(b). Trial courts in the Second Circuit must make an "on-the-record determination supported by specific facts and circumstances that the probative value of the evidence substantially outweighs its prejudicial effect" before admitting a conviction under Rule 609(b). *United States v. Mahler*, 579 F.2d 730, 736 (2d Cir.1978).

## A. *Plaintiff's Misdemeanor Convictions*

■ Plaintiff's misdemeanor convictions for unauthorized use of a vehicle (1980), possession of stolen property (1980), disorderly conduct (1986, 1987), resisting arrest (1987), and escape in the third degree (1987) were not punishable by death or imprisonment in excess of one year. Thus, these convictions are not admissible for impeachment purposes under Rule 609(a)(1). *See Kelly v. Fisher*, No. 86 Civ. 1691, 1987 WL 16593, at *1 (S.D.N.Y. Sept. 2, 1987) (Lowe, J.) (holding misdemeanor convictions for assault and resisting arrest inadmissible under Rule 609(a)(1)).

These convictions are also inadmissible under Rule 609(a)(2) as crimes involving dishonesty or false statement. Rule 609(a)(2) is "restricted to convictions that bear directly on the likelihood that the defendant will testify truthfully (and not merely on whether he has a propensity to commit crimes) .... [and thus] crimes of force such as armed robbery or assault, or crimes of stealth, such as burglary or petit larceny ... do not come within this clause." *Hayes*, 553 F.2d at 827. Accordingly, the misdemeanor convictions for unauthorized use of a vehicle, possession of stolen property, disorderly conduct, resisting arrest, and escape are inadmissible under Rule 609 and may not be used to impeach Plaintiff.

## B. *1994 Conviction for Conspiracy to Distribute Drugs*

■ Defendants argue that the 1994 drug conspiracy conviction falls within Rule 609(a)(2) as a crime of dishonesty or false statement. Defs.' Mem. of Law at 6. Drug crimes, however, do not automatically implicate the use of dishonesty or false statements. *Lewis v. Velez*, 149 F.R.D. 474, 481 (S.D.N.Y.1993); *see also* 4 *Weinstein's Federal Evidence* § 609.03[2][b][iii], at 609–16 (1997) ("Convictions for narcotic offenses are usually not considered to involve dishonesty or false statement."). Where, as here, the crime falls within the "uncertain middle

---

**6.** A prior conviction is not admissible for impeachment if more than ten years have elapsed since the date of conviction or the witness's release from confinement, whichever is later. Fed.R.Evid. 609(b).

category neither clearly covered nor clearly excluded by ... [Rule 609(a)(2)]," the proffering party must demonstrate "that [the] particular prior conviction rested on facts warranting the dishonesty or false statement description." *Hayes,* 553 F.2d at 827 (barring admission of narcotics importation conviction under Rule 609(a)(2) because government failed to present specific facts that crime involved dishonesty or false statement); *see also United States v. Hastings,* 577 F.2d 38, 41 (8th Cir.1978) (finding narcotics conviction inadmissible under Rule 609(a)(2) absent showing that conviction rested on facts involving dishonesty or false statement). In this case, Defendants offer no evidence to suggest that the 1994 Conviction involved dishonesty or false statement. Thus, the 1994 Conviction is not automatically admissible under Rule 609(a)(2).

██ Nonetheless, the 1994 Conviction may be admissible under Rule 609(a)(1) because it was punishable by "imprisonment in excess of one year." This conviction is therefore subject to the Rule 403 balancing test imposed by Rule 609(a)(1).[7] In balancing probative value against prejudicial effect under this rule, courts examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness. *See* 4 *Weinstein's Federal Evidence* § 609.04[2][a], at 609–20 (1997); *Hayes,* 553 F.2d at 828.

██ The first criteria, the impeachment value of the conviction, supports the introduction of the evidence. The drug conspiracy conviction ranks relatively high on the scale of veracity-related crimes, *see Hayes,* 553 F.2d at 828 (finding conviction for drug smuggling admissible under Rule 609(a)(1) because crime was probative of accused's veracity); *United States v. Ortiz,* 553 F.2d 782, 784 (2d Cir.1977) (finding heroin sales conviction probative of accused's veracity); *United States v. Feola,* 651 F.Supp. 1068, 1126–27 (S.D.N.Y.1987) (finding narcotics conspiracy conviction probative of accused's veracity), although not so high as to fall clearly within Rule 609(a)(2). In addition, the drug conviction bears on Plaintiff's credibility since it removes any misperceptions that he is a model citizen. *See, e.g., Young v. Calhoun,* No. 85 Civ. 7584, 1995 WL 169020, at *4 (S.D.N.Y. April 10, 1995).

The second criteria, that of time, does not preclude the introduction of the evidence. The age of the conviction—three years—is not so remote as to diminish its probative value. *See United States v. Palumbo,* 401 F.2d 270 (2d Cir.1968) (upholding use of 1929, 1937, 1946, 1945, and 1956 convictions for impeachment purposes in trial held in 1967).

The third criteria, the dissimilarity of the conduct at issue and the conviction, weighs in favor of introducing the evidence. The 1994 drug conviction bears no resemblance to the excessive force alleged in this case. *See Lewis,* 149 F.R.D. at 482 (finding drug conviction admissible as impeachment evidence in civil rights action because excessive force allegations were not similar to prior conviction).

The fourth criteria, that of the credibility of the witness, also militates in favor of introducing the conviction. Plaintiff and the Officer Defendants will testify to radically diver-

7. Defendants contend that felony convictions are automatically admissible to impeach a witness in a civil trial without regard to the balancing test of Rule 403. Defs.' Mem. of Law at 7. Defendants are wrong. Before 1990, many courts held that Rule 609 required the admission of a prior felony conviction against a witness in a civil action without any discretion on the part of the trial court. *See Doe v. Sullivan County,* 956 F.2d 545, 551 (6th Cir.1992) (explaining that pre–1990 version of Rule 609(a) required admission of witness's prior conviction in civil action regardless of prejudice to parties). The Supreme Court adopted this interpretation in *Green v. Bock Laundry Machine Co.,* 490 U.S. 504, 524, 109 S.Ct. 1981, 1992, 104 L.Ed.2d 557 (1989). However, the 1990 amendment to Rule 609 abrogated the holding of *Green.* As amended, Rule 609 now explicitly provides that prior convictions of *all* witnesses other than a criminal defendant, including witnesses in civil actions, shall be admitted subject to Rule 403. Fed.R.Evid. 609(a)(1); 4 *Weinstein's Federal Evidence* § 609.04[3][a], at 609–36 (1997); *see, e.g., Eng v. Scully,* 146 F.R.D. 74, 78 (S.D.N.Y.1993) (Lowe, J.) (applying Rule 403 balancing test to determine admissibility of felony conviction under Rule 609(a)(1) in Section 1983 lawsuit).

gent versions of what occurred on July 6, 1987. Faced with these conflicting stories, the jury's central task will be to determine who is telling the truth. Plaintiff's credibility on the stand is therefore of decisive importance. *See, e.g., Cummings v. Malone,* 995 F.2d 817, 825 (8th Cir.1993) (finding credibility of plaintiff "paramount" to defense in excessive force case); *Sango v. City of New York,* No. 83 Civ. 5177, 1989 WL 86995, at *18 (E.D.N.Y. July 25, 1989) (McLaughlin, J.) (same).

Revealing the details of Plaintiff's drug conviction, however, might risk creating unfair prejudice in the minds of the jurors. *See Davenport v. DeRobertis,* No. 83 Civ. 4392, 1986 WL 4157, at *3 (N.D.Ill. March 31, 1986) (explaining that admission of prior conviction for impeachment purposes in civil rights case was "likely to cause prejudice to plaintiffs since jurors might be unwilling to award damages once they have focused on the specific serious crimes which resulted in [their] incarceration."). The Court will offset that danger by limiting Defendants' use of the conviction to the fact and date of the conviction. *See Cummings,* 995 F.2d at 825 (limiting cross-examination of plaintiff for impeachment purposes in civil rights action to name, date, and disposition of prior convictions). Accordingly, after balancing these factors, the Court finds that the probative value of the 1994 Conviction is not substantially outweighed by the danger of unfair prejudice so as to preclude its admission.

C. *1988 and 1992 Convictions for Assault and Attempted Assault on a Police Officer*

■ Defendants contend that the 1988 and 1992 assault convictions fall within the purview of Rule 609(a)(2). Defs.' Mem. of Law at 6. The Second Circuit, however, has made clear that assault convictions do not involve dishonesty or false statements. *See, e.g., Hayes,* 553 F.2d at 824. Accordingly, the 1988 and 1992 assault convictions are not automatically admissible under Rule 609(a)(2).

■ The felony assault convictions are also inadmissible under Rule 609(a)(1) because they closely resemble the conduct alleged in this excessive force lawsuit. In criminal trials, evidence of past crimes are excluded when the convictions are for the same type of offense as the pending charge because they cause unfair prejudice by suggesting that the party has a propensity to commit such acts. *See Lewis,* 149 F.R.D. at 482. The same concerns of prejudice are implicated where a defendant introduces a plaintiff's assault conviction in a Section 1983 excessive force case because the jury may improperly infer that, based on the prior conviction, the plaintiff instigated the incident. *See id.* (barring admission of assault convictions under Rule 609(a)(1) in excessive force case due to risk that jury would view conviction as evidence of plaintiff's propensity to instigate incident). As Judge Newman observed in *United States v. Washington,* 746 F.2d 104, 106–07 (2d Cir.1984) (Newman, J., concurring), there is:

> no justification and considerable danger in impeaching a defendant's credibility with a prior conviction for the same type of offense as the one on trial when the prosecutor already has available for impeachment another conviction for a different type of offense .... Once credibility is impeached by a prior felony conviction, the incremental probative force of a second conviction is minimal. Yet the prejudicial effect is substantial when the second conviction is for the same type of offense as the pending charge. We expect a great deal of juries when we instruct them to consider any conviction only for impeachment of credibility and not as evidence of a propensity to commit crime. However dubious our faith in the jury's ability to make that distinction in most cases, there is really no excuse for pushing the matter to the breaking point by admitting a prior conviction for the same type of offense being tried once credibility has already been adequately impeached by another conviction.

The assault convictions here should be excluded in light of their similarity to the conduct alleged in this case and the admission of the 1994 Conviction for impeachment purposes. Accordingly, the Court finds that the minimal probative value of the assault convictions is substantially outweighed by the

danger of unfair prejudice and, thus, those convictions are inadmissible for cross-examination purposes.

D. *1981 Conviction for Assault, Criminal Use of a Firearm, and Unlawful Possession of a Firearm*

Plaintiff argues that Rule 609(b) precludes the admission of the 1981 Conviction. Because this conviction runs afoul of the ten-year limit set forth in Rule 609(b), the Court must consider whether its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect. ·

■ The Second Circuit has recognized that Congress intended that convictions more than ten years old be admitted "very rarely and only in exceptional circumstances." *Zinman v. Black & Decker, Inc.,* 983 F.2d 431, 434 (2d Cir.1993); *Mahler,* 579 F.2d at 736 (stating that Congress believed that convictions more than ten years old have very little or no probative value). In exercising its discretion to determine whether there exist the requisite "exceptional circumstances," *Mahler,* 579 F.2d at 735, a court must consider a number of factors. These include the nature, age, and severity of the crime and its relevance to the witness's credibility, the importance of credibility as an issue in the case, the availability of other means to impeach the witness, and whether the witness has "mended his ways" or engaged in similar conduct recently. *Sango,* 1989 WL 86995, at *18.

■ Applying those factors here, the twelve-year old assault and firearm conviction does not involve crimes generally considered probative of veracity. *See Hayes,* 553 F.2d at 827. On the other hand, credibility will undoubtedly be a pivotal issue at trial, and the 1994 Conviction also illustrates that Plaintiff has not "mended his ways." None-

theless, Defendants should be able to sufficiently attack the veracity of Plaintiff's testimony by cross-examining him about his 1994 drug conviction without resorting to a "piling on" effect by using his older conviction. *See Wierstak v. Heffernan,* 789 F.2d 968, 971–72 (1st Cir.1986) (finding older conviction inadmissible under Rule 609(b) because there was "sufficient evidence before the jury, in the form of [other prior] convictions, that plaintiff had committed crimes in the past."). Thus, the Court finds that the marginal additional impeachment value of the 1981 Conviction "is substantially outweighed by the unfair prejudice of [] suggesting to the jury that Plaintiff is an evil man who does not deserve consideration of his claims." *Charles v. Cotter,* 867 F.Supp. 648, 656 (N.D.Ill.1994).[8] Accordingly, the Court finds the 1981 Conviction inadmissible for impeachment purposes.

III. *Admissibility of Arrests Not Resulting in Conviction*

As Defendants concede, Plaintiff's arrests that did not result in convictions are not admissible as specific instances of conduct under Federal Rule of Evidence 608(b) ("Rule 608(b)"). "Arrest without more does not ... impeach the integrity or impair the credibility of a witness. It happens to the innocent as well as the guilty. Only a conviction, therefore, may be inquired about to undermine the trustworthiness of a witness." *Michelson v. United States,* 335 U.S. 469, 482, 69 S.Ct. 213, 221, 93 L.Ed. 168 (1948); *see also United States v. Leonardi,* 623 F.2d 746, 757 (2d Cir.1980). Accordingly, the Court will exclude evidence of Plaintiff's arrests that did not result in convictions at trial.

CONCLUSION

The Court hereby grants Plaintiff's motion *in limine* in part and denies it in part.

---

**8.** Defendants incorrectly insist that *Zinman v. Black & Decker, Inc.,* 983 F.2d 431 (2d Cir.1993), governs the admissibility of the 1981 Conviction. In *Zinman,* the court upheld the admission of a more than ten year old conviction for making a false statement to a government agency because the crime involved perjury, which bore heavily on plaintiff's credibility, and was relevant to several disputed issues in the products liability case.

*Id.* at 434. Accordingly, the court found that "exceptional circumstances" warranted the admission of the older conviction under Rule 609(b). *Id.* Our case is distinguishable from *Zinman* because the assault and firearm conviction does not reflect on Plaintiff's veracity and bears no relevance to the issues in this excessive force case.

Specifically, the following evidence will not be admissible at trial: (1) the July 1, 1987 incident, along with the details of the incident, and the resulting 1988 Conviction under Rule 404(b); (2) Plaintiff's misdemeanor convictions under Rule 609(a)(1),(2); (3) the 1988 and 1992 Convictions for assault and attempted assault on a police officer under Rule 609(a)(1),(2); (4) the 1981 Conviction for assault, criminal use of a firearm, and unlawful possession of a firearm under Rule 609(b); and (5) Plaintiff's arrests that did not result in conviction under Rule 608(b). The following evidence, however, will be admissible at trial: (1) Plaintiff's outstanding parole warrant for his arrest at the time of the excessive force incident at issue in this case under Rule 404(b), for the limited purpose of establishing motive; and (2) the 1994 Conviction for conspiracy to distribute drugs, limited to the fact and date of the conviction, under Rule 609(a)(1).

It is So Ordered.