Bobby JAMES

v.

Lawrence TILGHMAN et al.

No. 2:91 CV 1136 JGM.

United States District Court,
D. Connecticut.

April 12, 1999.

J.L. Pottenger, Jr., Brett Dignam, Jerome N. Frank Legal Services Organization, New Haven, CT, Bobby James, C.C.I., Somers, CT, pro se, Norman A. Pattis, Williams & Pattis, New Haven, CT, for plaintiff.

Steven R. Strom, Stephen J. O'Neill, Robert F. Vacchelli, Richard T. Couture, Attorney General's Office, Public Safety & Special Revenue, Hartford, CT, for defendants.

### RULING ON PLAINTIFF'S MOTIONS IN LIMINE

MARGOLIS, United States Magistrate Judge.

The factual and procedural history behind this litigation is set forth in considerable detail in *James v. Tilghman*, 2:91 ¹ CV 1136(JGM), 1998 WL 849393 (D.Conn. Nov. 5, 1998). Familiarity is also presumed with

the Ruling on Defendants' Motion to Preclude Inmate Informant Identities and Plaintiff's Motion to Compel Discovery of Inmate Identities and Document Withheld Under Assertion of Privilege, filed March 29, 1999 (Dkt. # 171) ["March 1999 Ruling"]. *See also* Dkt. # 176.

Plaintiff filed four motions *in limine* on March 22, 1999 (Dkt. ## 159, 161, 163, 165). Briefs in opposition were filed on April 5, 1991 (Dkt. ## 174–75, 177, 179), and reply briefs were filed on April 9, 1999. (Dkt. ## 180–82).[1] Jury trial is scheduled to commence on April 26, 1999.

## I. DISCUSSION

### A. PLAINTIFF'S MOTION TO PRECLUDE ADMISSION OF PLAINTIFF'S DISCIPLINARY RECORDS AND DETAILS OF HIS PRIOR CONVICTIONS INTO EVIDENCE (Dkt. # 159)

In this motion, plaintiff seeks to limit defendants' introduction of details of plaintiff's convictions into evidence and bar all evidence of his disciplinary history, pursuant to Fed. R.Evid. 402, 403, 404, 608 & 609. According to his counsel, plaintiff has thirteen prior convictions, as follows:

| Date of Offense | Nature of Crime(s) | Nature of Conviction | Sentence | Felony or Misdemeanor |
|---|---|---|---|---|
| 8/11/88 | Assault 3rd | Guilty | 1 year execution suspended, 2 years probation | Felony |
| 8/11/88 | Threatening | Guilty | 1 year execution suspended, 2 years probation | Felony |
| 2/24/90 | Disorderly Conduct | Guilty | $200 fine | Felony |
| 6/13/90 | Possession of Narcotics | Guilty | 3 years execution suspended, 3 years probation, $200 fine | Felony |
| 6/13/90 | Reckless Endangerment | Guilty | 1 year execution suspended, 3 years probation | Misdemeanor |
| 11/1/90 | Assault 3rd | Nolle | | Felony |
| 11/1/90 | Threatening | Nolle | | Felony |
| 11/19/90 | Attempted Threatening | Nolle | | Felony |
| 11/19/90 | Reckless Endangerment | Nolle | | Misdemeanor |
| 2/3/91 | Reckless Endangerment | Nolle | | Misdemeanor |
| 2/3/91 | Unlawful Discharge of Firearm | Guilty | 3 months execution suspended, 1 year probation | Felony |
| 8/13/91 | Robbery/Burglary/Carrying Dangerous Weapon (2 counts) | Guilty | 13 years | Felony |
| 8/13/91 | Threatening/Carrying Dangerous Weapon/Larceny 6 | Nolle | | Misdemeanor |

(Dkt. # 160, Exhs. A–B). Plaintiff currently is in prison for the August 13, 1991 conviction. Defendants argue that this information is relevant to plaintiff's claims in this lawsuit, because defendants' classification and housing decisions were based, in part, upon plaintiff's prior criminal acts and disciplinary history. (Dkt. # 175, at 2 & Exhs. A–B).

Fed.R.Evid. 609 provides in pertinent part:

(a) **General rule.** For the purpose of attacking the credibility of a witness,

(1) evidence that a witness ... has been convicted of a crime shall be admit-

---

ted, subject to Rule 403, if the crime was punishable by ... imprisonment in excess of one year....

(b) **Time limit.** Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

Rule 403, in turn, provides in full: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." As the Seventh Circuit reasoned in *Gora v. Costa,* 971 F.2d 1325, 1330 (7th Cir. 1992): "The idea underlying Rule 609, whether right or wrong, is that criminals are more likely to testify untruthfully." (citation omitted). *See also Young v. Calhoun,* 85 CIV. 7584(SWK), 1995 WL 169020, at *4 (S.D.N.Y. Apr. 10, 1995) ("In the case at bar [§ 1983 action by prisoner against correctional officer], plaintiff's murder conviction is probative of his credibility since it removes any misperceptions that plaintiff is a model citizen.") (*citing Gora*).

■ Under Rule 609, defendants may not impeach plaintiff with the following nine convictions: the two August 11, 1988 convictions; the June 13, 1990, November 19, 1990, February 3, 1991, and August 13, 1991 misdemeanors; and the two November 1, 1990 nolles and the two November 19, 1990 nolles. In exercising the "broad discretion to admit or exclude evidence of prior convictions under [Rule 609]," *Young,* 1995 WL 169020, at *2, the Court concludes that plaintiff may, however, be impeached regarding the following four felonies, for which he was convicted within ten years of trial: the February 24, 1990 conviction; the June 13, 1990 conviction;

the February 3, 1991 conviction; and the August 13, 1991 conviction. *See also Daniels v. Loizzo,* 986 F.Supp. 245, 248–52 (S.D.N.Y. 1997) (limiting convictions for which plaintiff in § 1983 action may be impeached at trial); *Young,* 1995 WL 169020, at *2–4 (S.D.N.Y. Apr. 10, 1995) (same). Plaintiff has correctly argued that in cross-examination, defense counsel is limited to "elicitation of the crime charged, the date, and the disposition" and "it is error to elicit any further information for impeachment purposes." *Gora,* 971 F.2d at 1330 (citation omitted). *See also Bustamante v. Thedford,* 89 C 3471, 1995 WL 76900, at *2 (N.D.Ill. Feb. 23, 1995) (in § 1983 action, "the fact of Plaintiff's convictions, including the offense charged, the disposition, and the date of disposition may be admitted into evidence to attack Plaintiff's credibility as a witness.") (citation omitted); *Withers v. Riley,* No. 90 C 3986, 1994 WL 91960, at *3 (N.D.Ill. Mar. 18, 1994) (in § 1983 action by inmate against correctional officers, evidence of plaintiff's prior criminal record "must be limited to the crime charged, the date of the conviction and the disposition.") (*citing Gora*). The jury is not entitled to learn "the ugly details" of plaintiff's crimes. *Wilson v. City of Chicago,* 6 F.3d 1233, 1237 (7th Cir.1993), *cert. denied,* 511 U.S. 1088, 114 S.Ct. 1844, 128 L.Ed.2d 470 (1994). *See also Young,* 1995 WL 169020, at *4 (defendants "may not elicit any details as to the nature of [plaintiff's] offense."); *Bustamante,* 1995 WL 76900, at *2 ("The details of the crimes underlying the convictions do not bear directly on Plaintiff's credibility and are therefore not admissible for the purpose of impeachment.") (*citing Wilson*). During defendants' case-in-chief, defense witnesses may refer only to the total number of plaintiff's prior convictions, if such number played a part in plaintiff's housing classification, *without any detail as the nature of the crime, when it was committed, etc.*

■ Similarly, during his tenure with the DOC, plaintiff has had the following fifteen disciplinary charges brought against him:

| Date | Nature of Charges | Disposition |
|------|-------------------|-------------|
| 8/6/91 | Fighting | Guilty |
| 8/13/91 | Assault | Guilty |
| 9/18/91 | Fighting | Guilty |
| 9/24/91 | Contraband | Guilty |
| 2/24/92 | Assault | Not Guilty |
| 8/11/93 | Disobeying a Direct Order | Guilty |
| 1/4/95 | Disobeying a Direct Order | Guilty |
| 1/4/95 | Flagrant Disobedience | Guilty |
| 3/8/97 | Intoxication with Marijuana | Guilty |
| 7/9/97 | Contraband–Wire on Radio | Guilty |
| 7/9/97 | Disobeying a Direct Order | Dismissed |
| 7/17/97 | Flagrant Disobedience | Dismissed |
| 12/29/97 | Contraband | Dismissed |
| 2/26/98 | Disobeying a Direct Order | Dismissed |
| 1/11/99 | Contraband | Not Guilty |

(Dkt. # 160, Exhs. A & C).

FED.R.EVID. 404(b) provides

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . .

A similar issue was discussed in *Withers*, in which the district judge held that plaintiff's disciplinary history would be admissible, only:

[t]o the extent that [defendants'] conduct may have been affected by what the defendants reasonably could believe about the plaintiff's propensities . . . Evidence of the plaintiff's past . . . disciplinary history on any other basis would not only be irrelevant but under Rule 403 should be excluded because its probative value would be substantially outweighed by the danger of unfair prejudice.

1994 WL 91960, at *3. *See also Guzman v. Kelly*, No. 88 CV 1391 E, 1996 WL 722005, at *2 (W.D.N.Y. Dec. 11, 1996) (harmless error to have admitted plaintiff's prior prison disciplinary record); *Young*, 1995 WL 169020, at *5–6 (court did not have sufficient evidence to rule *in limine* on admissibility of plaintiff's disciplinary records).

■ The six charges which either were dismissed or for which plaintiff was found not guilty clearly are not admissible: February 24, 1992; July 9, 1997; July 17, 1997; December 29, 1997; February 26, 1998; and January 11, 1999. Under *Withers*, plaintiff's disciplinary history would be admissible only to the extent that defendants had knowledge of such history and such knowledge could have played a factor in plaintiff's cell assignment by defendants in October 1991. Thus, the five disciplinary charges for which plaintiff was found guilty after October 1991 similarly would not be admissible: August 11, 1993; the two January 4, 1995 charges; March 8, 1997; and July 9, 1997. The remaining four charges, for which plaintiff was found guilty prior to October 1991, *may* be admissible, if defendants satisfy the criteria set forth in *Withers*: August 6, 1991; August 13, 1991; September 18, 1991; and September 24, 1991. The Court simply lacks sufficient information, one way or the other, to draw any conclusions on these four charges.

B. PLAINTIFF'S MOTION TO PRECLUDE ADMISSION OF WITNESSES' DISCIPLINARY RECORDS AND DETAILS OF THEIR PRIOR CONVICTIONS INTO EVIDENCE (Dkt. # 161)

In his Final Witness List, filed March 15, 1999 (Dkt. # 155), plaintiff has included three inmates—Robert Grant, Basil Suer, and Donald Payne. As in the prior motion, in this motion, plaintiff seeks to limit defendants' introduction of details of these inmates' convictions into evidence and bar all evidence of their disciplinary history, under Rules 402, 403, 404, 608 & 609.

For the same reasons and to the same extent as set forth in Section I.A. *supra,* Grant may be impeached only with respect to his 1990 conviction for murder and conspiracy/accessory (and not his three other convictions); Suer may be impeached only with respect to his 1989 conviction for manslaughter in the first degree, his 1990 conviction for possession with intent to sell by a non-drug dependent person, and his 1990 conviction for interference with a search, sale of illegal drugs, destruction of property, and sale of controlled substances (but not his two other convictions); and Payne may be impeached only with respect to any of the 1988 convictions for which he is still serving time (and not his seven other convictions). (*See* Dkt. # 162, Exh. A).

For the same reasons as discussed in Section I.A. *supra,* none of Grant's thirty-one disciplinary charges, none of Suer's ten disciplinary charges, and none of Payne's sixty-five disciplinary charges are admissible. (*See* Dkt. # 162, Exh. A).[2]

### C. PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE THE TESTIMONY OF DR. BRETT RAYMOND (Dkt. # 163)

Dr. Brett Rayford has been listed as one of defendants' expert witnesses in their Final Witness List, filed March 2, 1999 (Dkt. # 147). In the pending motion, plaintiff argues that Dr. Rayford's testimony will be "completely repetitious" of defendants' other expert witness psychiatrist, Dr. Paul Chaplin, will be "of unusually low probative value" because Dr. Rayford never examined plaintiff, will be wasteful and needless repetitive, and will prejudice and confuse the jury. (Dkt. # 163 & Dkt. # 164, Exh. B). In contrast, defendants argue that Dr. Raymond's testimony will not be cumulative of that of Dr. Chaplin, in that Dr. Chaplin will testify as to plaintiff's alleged injuries whereas Dr. Raymond will criticize the methodology utilized by Dr. Pratt, plaintiff's expert, and will validate Dr. Chaplin's methodology. (Dkt. # 179 & Exhs. A–B).

■■■ Plaintiff is correct that under appropriate circumstances, a trial judge may prevent one party from presenting "a double helping of experts," which would be "unfair" to the opposing party. *In re Air Crash Disaster,* 86 F.3d 498, 527 (6th Cir.1996). However, that does not appear to be the case here. Accordingly, Dr. Raymond's expert testimony shall be limited to a criticism of Dr. Pratt's methodology and a validation of Dr. Chaplin's methodology, without duplicating the conclusions reached by Dr. Chaplin.

### D. PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE OR LIMIT THE TESTIMONY OF DEFENDANTS' WITNESSES JOHN SIEMINSKI (OR GEORGE CAMP), THOMAS MALONEY, LES BROOKS, AND RAYMOND RIVERA (Dkt. # 165)

In their Final Witness List, filed March 2, 1999 (Dkt. # 147), defendants included among their nineteen witness the following individuals: John Sieminski, George Camp, Thomas Maloney, Les Brooks, and Raymond Rivera. In this motion, plaintiff seeks, pursuant to FED.R.EVID. 401, 402, 403, 602, 701, and 703, to limit their testimony, as being beyond their personal knowledge, opinion testimony beyond their personal knowledge, speculative, irrelevant, cumulative and wasteful. In their brief in opposition, defendants have represented that they decided not to call Messrs. Brooks or Rivera as witnesses. (Dkt. # 174, at 2). From defendants' summary of the anticipated testimony of Messrs. Sieminksi (or Camp) and Maloney (*id.* at 1–2), it appears that contrary to plaintiff's arguments, they do have direct knowledge of events relating to the issues in this litigation. Therefore, the Court will permit Messrs. Sieminski (or Camp) and Maloney to testify.

## II. CONCLUSION

Accordingly, for the reasons stated above, Plaintiff's Motion *in Limine* to Preclude Admission of Plaintiff's Disciplinary Record and Details of His Prior Convictions into Evidence (Dkt. # 159) is *granted in part and denied in part to the extent set forth in Section I.A. supra;*

---

2. Grant was charged on April 23, 1997 and again on June 18, 1998 with giving "false information"; Suer faced similar charges on March 21, 1989. However, all these charges were dismissed. (Dkt. # 162, Exh. A). If these charges had not been dismissed, they may have been admissible under FED.R.EVID 608(b).

Plaintiff's Motion *in Limine* to Preclude Admission of Witnesses' Disciplinary Record and Details of His Prior Convictions into Evidence (Dkt. # 161) is *granted in part and denied in part to the extent set forth in Section I.B. supra;*

Plaintiff's Motion *in Limine* to Preclude the Testimony of Dr. Brett Raymond (Dkt. # 163) *is granted in part and denied in part to the extent set forth in Section I.C. supra;* and

Plaintiff's Motion *in Limine* to Preclude or Limit the Testimony of Defendants' Witnesses John Sieminski (Or George Camp), Thomas Maloney, Les Brooks, and Raymond Rivera (Dkt. # 165) is *denied.*