Gary **MARTINO**

v.

Julie **KORCH**, Joseph **Dipace**, and Harry **Marquiss**

No. CIV. 3:99CV2057(HBF).

United States District Court, D. Connecticut.

Nov. 3, 2000.

**314**

Glenn Mead Conway (New Haven, CT), of Knight & Conway, for plaintiff.

Ann E. Lynch (Hartford, CT), Attorney General's Office, Peregrine Alban Zinn–Rowthorn (Hartford, CT), Attorney General's Office, for defendant.

### RULING ON PLAINTIFF'S MOTION IN LIMINE

FITZSIMMONS, United States Magistrate Judge.

Plaintiff brings this motion in limine to prohibit defendants from introducing three mittimuses relating to plaintiff's past convictions or any testimony relating to the underlying facts of the charged offenses. Plaintiff also seeks to exclude from evidence all disciplinary tickets, as well as any testimony relating to the circumstances under which those tickets were issued. Trial is scheduled to begin on November 2, 2000. In a telephone conference on November 1, 2000, counsel agreed that the court would rule on the motion based on the papers submitted. For the following reasons, plaintiff's Motion in Limine is **GRANTED in part and DENIED in part.** [Doc. # 21.]

#### 1. *Introduction of Mittimuses*

Plaintiff seeks an order preventing defendants from introducing plaintiff's mittimuses or any evidence relating to the underlying facts of the crimes charged. Here, there are three mittimuses at issue.[1]

Defendants plan to introduce mittimuses pertaining to two felony convictions from November 1998. The first mittimus relates to plaintiff's conviction for witness tampering in violation of Conn. Gen.Stat. § 53a–151, a class D felony. On this conviction, plaintiff was sentenced to a period of three years and three months incarceration. The second mittimus is for stalking in the first degree in violation of Conn.

---

1. If plaintiff admits the convictions, including the nature of the charges, the sentences imposed, and the date of disposition, then the mittimuses will not need to be introduced into evidence.

Gen.Stat. § 53a–181c, also a class D felony. Plaintiff was sentenced to a term of three years' incarceration for this conviction. The third mittimus is for three counts of interfering with an officer in violation of Conn. Gen.Stat. § 53a–167a, a class A misdemeanor. For this conviction plaintiff was sentenced for a period of one year in the custody of the Commissioner of Correction.

Under Fed.R.Evid. 609, defendants are entitled to inquire for impeachment purposes into the nature of the crime plaintiff was convicted of, the date of disposition and the sentence imposed, if the conviction meets certain criteria. *See James v. Tilghman,* 194 F.R.D. 402 (D.Conn.1999) (citing, *Gora v. Costa,* 971 F.2d 1325, 1330 (7th Cir.1992)). Rule 609(a)(1) allows prior convictions to be used for impeachment purposes where the "crime was punishable by death or imprisonment in excess of one year," subject to the balancing test of Rule 403. FED. R. EVID. 609(a)(1). Plaintiff's mittimus regarding the stalking conviction falls into this category. The court finds that, by limiting defendants' inquiry into this conviction to the nature of the charge, the date of disposition and the sentence imposed, any prejudicial effect of the information will be minimized.

Plaintiff's mittimus pertaining to the witness tampering charge is covered by Rule 609(a)(2). This allows a party to attack the credibility of a witness using convictions of crimes involving dishonesty or false statements. As with plaintiff's stalking conviction, defendants will be limited to inquiring as to the nature of the charged crime, the date of its disposition and the sentence imposed.

The final mittimus at issue involves plaintiff's conviction on three counts of interfering with an officer. Defendants are prohibited from introducing this evidence for impeachment; it may be admissible on other grounds if they are able to show that this information was known to the defendants and affected their actions during the November 24, 1997, incident, but it does not fall within the purview of Rule 609.

2. *Disciplinary Tickets*

Defendants seek to introduce into evidence 43 disciplinary tickets plaintiff has received while incarcerated at Northern Correctional Institution. Of these, nine tickets were issued prior to the November 24, 1997, incident. [Doc. # 20 at 13–17.]

Plaintiff argues that these tickets are inadmissible hearsay and are being offered to show the plaintiff acted in "conformity with an aggressive character." [Doc. # 21 at 2.] In response, defendants argue that the disciplinary reports are admissible under several theories. First, defendants argue that the disciplinary tickets for assault should be admitted to prove that plaintiff in the past has assaulted correctional staff while handcuffed, showing plaintiff had the opportunity and ability to assault the correctional staff notwithstanding the handcuffs. [Doc. # 23 at 3.] Defendants also argue that several of the disciplinary reports are necessary for impeachment purposes to show that plaintiff threatened several correctional officers. [Doc. # 23 at 4–5.] Finally, defendants argue that the tickets are admissible to show plaintiff's bias against correctional officers generally and officer Julie Korch specifically. [Doc. # 23 at 5.]

Defendants are prohibited from introducing the disciplinary tickets that were received after the November 24, 1997, incident into evidence. If offered for their truth, these records are hearsay and are not admissible under the business records exception to the hearsay bar. *See* FED. R. EVID. 802, 803(6); *see also Bracey v. Herringa,* 466 F.2d 702 (7th Cir.1972); *Giles v. Rhodes,* 2000 WL 1425046, 2000 U.S. Dist. LEXIS 13980 (S.D.N.Y. Sept. 27, 2000.) Should defendants believe that another exception to the hearsay rule applies, they are free to bring it to the court's attention during the course of trial.

Disciplinary tickets received prior to the incident at issue in this case are also hearsay and, as such, are barred by Rule 802. However, defendants may cross-examine plaintiff about the circumstances giving rise to any of the prior disciplinary tickets for the purposes specified in Rule 404. Defendants are also permitted to question witnesses about the events described in these reports, to the extent the correctional officers knew about plaintiff's prior disciplinary history and acted based on that knowledge. If the defendants' actions were in part based on their prior knowledge of the disciplinary reports, then the reports may be offered into evidence for the nonhearsay purpose of establishing the information available to the defendant(s), but not to prove the truth of the matters asserted therein. .

Defendants also argue that specific tickets should be admitted as substantive evidence for the purpose of showing bias against of defendant Julie Korch. Defendant Korch acted as an investigator on twelve disciplinary tickets for which plaintiff was found guilty. Defendants argue that this evidence should be presented to the jury to establish plaintiff's bias against Defendant Korch. Defendants also ask that a disciplinary report regarding specific threats made by plaintiff to defendant Korch be admitted into evidence.

The individual history of each defendant with plaintiff, both prior to the November 1997 incident and the initiation of the lawsuit, maybe explored through the testimony and cross-examination of the witnesses. However, unless an exception to the hearsay rule applies (other than the business records exception), the disciplinary records themselves will not come into evidence. Specific statements should be proved by testimony of someone with first hand knowledge. Defendants will not be able to introduce into evidence subsequent acts by the plaintiff not involving defendants to show plaintiff's general bias against correctional officers.

Finally, if defendants seek to testify about the information they received regarding the plaintiff from third parties, it may be admitted on a proper foundation to show the impact of the information on the defendants' state of mind and subsequent actions. If this occurs, the court will entertain any proposed limiting instructions counsel wish to offer.

## CONCLUSION

For the foregoing reasons, plaintiff's Motion in Limine is **GRANTED in part and DENIED in part.** [Doc. # 21.]

This is not a recommended ruling. The parties consented to proceed before a United States Magistrate Judge [Doc. # 11] on May 1, 2000, with appeal to the Court of Appeals.