09-0348-pr
Crenshaw v. Herbert

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of February, two thousand eleven.

PRESENT: GUIDO CALABRESI,
GERARD E. LYNCH,
*Circuit Judges*,
J. GARVAN MURTHA,
*District Judge.*[*]

----------------------------------------------------------------

WILLIAM CRENSHAW,
*Plaintiff-Appellant*,

v.                                                    No. 09-0348-pr

VICTOR HERBERT, RANDY JAMES, SERGEANT K. ARNONE, DICK TRYKOJSKI, JENNIFER H. ROBBINO,
*Defendants*,

C.O. BARTKOWIAK,
*Defendant-Appellee.*[**]

----------------------------------------------------------------

---

[*] Honorable J. Garvan Murtha of the United States District Court for the District of Vermont, sitting by designation.

[**] The Clerk of Court is directed to amend the official caption to conform to the listing of the parties above.

FOR APPELLANT:        William Crenshaw, pro se, Malone, New York.

FOR APPELLEE:         Andrew Cuomo, Attorney General of the State of New York; Barbara D. Underwood Solicitor General; Nancy A. Spiegel, Senior Assistant Solicitor General; Frank Brady, Assistant Solicitor General of Counsel, New York, New York.

Appeal from the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

In this pro se prisoner action alleging First Amendment retaliation and excessive force, appellant William Crenshaw appeals the judgment of the district court for appellee Thomas Bartkowiak, a New York state corrections officer, entered following a jury trial and verdict in favor of Bartkowiak. We assume the parties' familiarity with the underlying facts and the procedural history of this case, which we detail only as necessary to explain our decision.

**DISCUSSION**

**I. Discovery**

In May 2005, Crenshaw moved to compel production of Bartkowiak's disciplinary record and any investigative files created by the Department of Correctional Services in response to previous allegations of wrongdoing made against Bartkowiak. Crenshaw filed similar motions throughout the discovery period and right up to the beginning of trial. Most of these motions were denied, though at least one, which appears to have been untimely, went undecided. For the purposes of this appeal, we assume the timeliness of these motions and

2

treat any failure to rule as a denial.

We review discovery rulings for abuse of discretion and will reverse only if "the action taken was improvident and affected the substantial rights of the parties." Goetz v. Crosson, 41 F.3d 800, 805 (2d Cir. 1994) (internal quotation marks omitted). Here, the district court did not abuse its discretion by denying Crenshaw's motion to compel production of Bartkowiak's personnel file. The district court properly relied on defense counsel's affirmation that Bartkowiak's file contained no relevant disciplinary records. Contrary to Crenshaw's argument, nothing in Bartkowiak's July 2007 declaration contradicted defense counsel's affirmation. In fact, Bartkowiak asserted that he had "never been disciplined for excessive use of force" and there is no evidence to the contrary. It is therefore highly unlikely that Bartkowiak's personnel file contained any relevant documents and, even if evidence of a prior substantiated excessive force investigation existed, on the facts of the particular case before us such evidence would be inadmissible to show that Bartkowiak acted violently in this instance. See Fed. R. Evid. 404(b).

**II.  Motion to Appoint Counsel**

The district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). In determining whether to appoint counsel in a particular case, the district court

> should first determine whether the indigent's position seems
> likely to be of substance. If the claim meets this threshold
> requirement, the court should then consider the indigent's ability
> to investigate the crucial facts, whether conflicting evidence
> implicating the need for cross-examination will be the major

proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986). We review a refusal to appoint counsel for abuse of discretion. Id. at 60.

We are unpersuaded by Crenshaw's argument that, because he "survived" summary judgment, the district court was obligated to appoint counsel. First, Bartkowiak never moved for summary judgment and the district court granted summary judgment in favor of those defendants who so moved. Second, withstanding a motion for summary judgment is not always enough. "If mere bald assertions by an indigent, which technically put a fact in issue and suffice to avert summary judgment, required appointment of [counsel], the demand for such representation could be overwhelming." Id.

In this case, the district court reasonably found appointed counsel unnecessary. Crenshaw's motion was made more than three years after filing his complaint. By then it was clear that his claims lacked procedural, technical, or legal complexity, required little or no factual investigation, and ultimately rested on a pure credibility determination. That made Crenshaw's claims suitable for pro se litigation. See Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989). Furthermore, the district court had ample time to assess Crenshaw's competency during conferences and through his written submissions to the court. Based on Crenshaw's performance in those settings, the district court concluded that he had "demonstrated [the] ability to pursue and present his claims" necessary to litigate this case

4

pro se.  Given the straightforward nature of this action and Crenshaw's demonstrated competence – corroborated by his highly proficient presentation of the issues on appeal – the district court did not abuse its discretion by refusing to appoint counsel.

**III. Batson Challenge**

Defense counsel used a peremptory challenge to remove Tynise Edwards, the panel's only African-American, from the jury.  When Crenshaw objected on equal protection grounds, see Batson v. Kentucky, 476 U.S. 79, 89 (1986), defense counsel justified the challenge by noting that Edwards had previously filed a civil lawsuit and that she was currently employed as a family court attorney, a job that frequently required her to advocate on behalf of prisoners.  The district court accepted that race-neutral explanation and found no discriminatory intent in defense counsel's actions.  We review that factual finding for clear error.  United States v. Taylor, 92 F.3d 1313, 1326 (2d Cir. 1996).

That defense counsel challenged the only African-American juror does not automatically support an inference of discriminatory intent.  Cousin v. Bennett, 511 F.3d 334, 338 (2d Cir. 2008).  Here, the juror's background supports a logical race-neutral motivation for the challenge.  It is entirely plausible that a lawyer defending a corrections officer from a prisoner's lawsuit would be reluctant to seat a juror, of any race, who had herself been a plaintiff and who was employed in a role involving advocacy on behalf of prisoners.

Crenshaw's claim that two similarly-situated white jurors were not struck is unavailing. Although the jury forewoman visited her son while he served a jail sentence for DWI, she never served as an advocate on behalf of incarcerated clients.  Similarly, the

5

second juror's experience on a previous civil jury in which a judgment for the *defense* was issued does not give rise to an inference of possible bias in favor of *plaintiffs* that might motivate the use of a peremptory challenge by defense counsel.

Given the plausible race-neutral explanation for the challenge, which the district court reasonably accepted, and Crenshaw's inability to demonstrate discriminatory intent, we find no error in the district court's determination that defense counsel challenged Edwards for race-neutral reasons.

## IV. Evidentiary Rulings

Crenshaw alleges that the district court made two erroneous evidentiary rulings. We review those rulings for abuse of discretion. Silverstein v. Chase, 260 F.3d 142, 145 (2d Cir. 2001).

First, Crenshaw argues that the district court erred by permitting defense counsel to use Crenshaw's 1997 robbery conviction for impeachment purposes. However, under Rule 609(a)(1), "evidence that a witness . . . has been convicted of a [felony] shall be admitted," unless its "probative value is substantially outweighed by the danger of unfair prejudice . . . ."[1] See Fed. R. Evid. 609(a)(1) & 403. Evidence of Crenshaw's prior robbery was probative of his veracity, see United States v. Washington, 746 F.2d 104, 105-06 (2d Cir.

---

[1] Crenshaw incorrectly asserts that the more restrictive standard found in Rule 609(b) applies. That standard only applies when ten or more years have passed "since the date of conviction *or of the release of the witness from confinement imposed for that conviction*, whichever is the *later date*," and is therefore inapplicable in this case, which was tried while Crenshaw was still incarcerated for the robbery conviction with which he was impeached. See Fed. R. Evid. 609(b) (emphasis added).

6

1984), a central issue in this case because the jury was required to choose between two contradictory versions of the underlying incident. Furthermore, the jury was well aware that Crenshaw was incarcerated at the time of the incident and remained incarcerated through trial. It is unlikely that additional unfair prejudice resulted from informing the jury that Crenshaw was serving a sentence for robbery. Accordingly, the district court did not abuse its discretion in determining that the probative value of Crenshaw's prior robbery conviction was not substantially outweighed by the danger of unfair prejudice.

Second, Crenshaw argues that the district court erred by preventing him from introducing into evidence a copy of New York Corrections Law § 138.[2] Crenshaw was permitted to question the defendant about the statute and, during this exchange, he read aloud the operative text. We can see no additional probative value in submitting a printed copy of the statutory text into evidence and the district court properly excluded the evidence on those grounds. In any event, it was for the district court to instruct the jury on the law governing the case, not for the jury to infer legal conclusions from legal materials introduced into evidence.

---

[2] The portion of the statute at issue reads: "[i]nmates shall not be disciplined for making written or oral statements, demands, or requests involving a change of institutional conditions, policies, rules, regulations, or laws affecting an institution." N.Y. Correct. Law § 138(4).

**V.  Motion for a New Trial**

Crenshaw's argument that he should receive a new trial on the ground that the verdict was against the weight of the evidence is without merit.  "[T]he weight of the evidence is itself a jury argument, not a ground for reversal on appeal."  Robinson v. Cattaraugus County, 147 F.3d 153, 160 (2d Cir. 1998).

**VI.  Motion for Leave to File an Exhibit**

Crenshaw has moved to file an exhibit in support of his appeal.  The exhibit, which was neither filed with the district court nor made part of the record on appeal, documents the denial of an internal complaint that Crenshaw filed more than five years after bringing this action.  "Ordinarily, material not included in the record on appeal will not be considered," Loria v. Gorman, 306 F.3d 1271, 1280 n.2 (2d Cir. 2002), and we will typically review only that evidence presented below, Leibowitz v. Cornell Univ., 445 F.3d 586, 592 n.4 (2d Cir. 2006).  In any event, even if the exhibit were received and considered, it sheds no light on the issues addressed on appeal and would not affect the resolution of any of those issues.

**CONCLUSION**

For the foregoing reasons, Crenshaw's motion to file an exhibit in support of his appeal is DENIED and the judgment of district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8