People v Banyan (2020 NY Slip Op 06060)





People v Banyan


2020 NY Slip Op 06060


Decided on October 27, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 27, 2020

Before: Kapnick, J.P., Gesmer, González, Scarpulla, JJ. 


Ind No. 2052/16 2052/16 Appeal No. 11928 Case No. 2017-2327 

[*1]The People of the State of New York, Respondent,
v
Jonathan Banyan, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Mark W. Zeno of counsel), for appellant.
Cyrus R. Vance, Jr. District Attorney, New York (David M. Cohn of counsel), for respondent.



Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered May 17, 2017, convicting defendant, after a jury trial, of assault in the second degree and resisting arrest, and sentencing him, as a second violent felony offender, to an aggregate term of five years, unanimously reversed, on the law, and the matter remanded for a new trial.
Defendant's request to charge justification, with regard to his kicking and flailing as officers tried to subdue and arrest him, should have been granted (see People v Black, 33 AD3d 338, 340 [2006]). Penal Law § 35.27 permits a defendant to claim justification where there is a reasonable view of the evidence that he or she is the victim of excessive police force. (see People v Stevenson, 31 NY2d 108, 112 [1972]). When a defendant requests such a charge, the trial court "must view the record in the light most favorable to the defendant and determine whether any reasonable view of the evidence would permit the factfinder to conclude that the defendant's conduct was justified." (People v Vega, 33 NY3d 1002, 1004-1005 [2019]). Viewed in the light most favorable to the defense, the testimony and video evidence show that after defendant resisted police efforts to handcuff him, approximately eight additional officers joined in a struggle, punching and tazing defendant, and the police lieutenant used a baton to roll defendant's Achilles tendon. These facts warranted a justification charge.
As we are ordering a new trial, we find it unnecessary to reach any other issues, except we find that the suppression motion was properly denied. M-2939 People v Jonathan Banyan
Motion to strike defendant's reply brief denied as moot.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 27, 2020