*Banyan v. Sikorski*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of April, two thousand twenty-six.

Present:
> RICHARD C. WESLEY,
> MICHAEL H. PARK,
> *Circuit Judges,*
> ELIZABETH C. COOMBE,*
> *District Judge.*

---

JONATHAN C. BANYAN,

> *Plaintiff-Appellant,*

v.

POLICE OFFICER CRAIG SIKORSKI, POLICE OFFICER JOSEPH TENNARIELLO, LIEUTENANT IAN RULE, SERGEANT JOHN BECERRA, CITY OF NEW YORK,

> *Defendants-Appellees.*†

25-1425

---

FOR PLAINTIFF-APPELLANT:     JOSHUA L. RUSHING (James Fribley, Jack Mitchell, *on the brief*), Huth Reynolds LLP, Huntington, NY.

---

\* Judge Elizabeth C. Coombe, of the United States District Court for the Northern District of New York, sitting by designation.

† The Clerk of Court is respectfully directed to amend the caption accordingly.

FOR DEFENDANTS-APPELLEES:    SHANE MAGNETTI (Richard Dearing, Deborah A. Brenner, *on the brief*), *for* Muriel Goode-Trufant, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Liman, *J.*, and Rochon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's May 5, 2025 judgment is **AFFIRMED**.

Defendants arrested Plaintiff Jonathan C. Banyan after an anonymous complainant (the "Complainant") reported that someone had stolen his friend's jacket and identified Banyan as the thief.   Banyan got into a struggle with Defendants during his arrest, spurring two proceedings: a criminal case against Banyan in New York state court and this action by Banyan against Defendants.   The criminal charges against Banyan were ultimately dismissed on speedy trial grounds after the First Department overturned Banyan's conviction and remanded for a new trial based on an error in the jury instructions.   *People v. Banyan*, 187 A.D.3d 643, 644 (1st Dep't 2020).   In this case, Banyan sued Defendants under 42 U.S.C. § 1983 for excessive force and false arrest and under New York State law for malicious prosecution.

The district court granted summary judgment to Defendants on all claims except Banyan's excessive force claims against Defendants Joseph Tennariello and Craig Sikorski.   Banyan went to trial on those claims, and the jury ruled against him on his claim against Sikorski but ruled in Banyan's favor on his claim against Tennariello and awarded $1 in nominal damages.   On appeal, Banyan challenges the summary judgment rulings against him and two evidentiary rulings.   We assume familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## I. Summary Judgment Rulings

"We review a district court's grant of summary judgment de novo, construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 358 (2d Cir. 2011).

### A. Excessive Force

The district court granted summary judgment to Defendants Ian Rule and John Becerra on Banyan's excessive force claims because it concluded that Banyan had abandoned those claims. We discern no abuse of discretion in that ruling. *See Brown v. City of New York*, 862 F.3d 182, 187 (2d Cir. 2017) (reviewing waiver determination for abuse of discretion). In "the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned." *Jackson v. Fed. Exp.*, 766 F.3d 189, 198 (2d Cir. 2014). As the district court explained, Banyan did not respond to the arguments Rule and Becerra made in favor of summary judgment in his opposition brief. In particular, he "did not respond to the argument that Rule's use of his baton on his Achilles tendon was objectively reasonable in light of the evidence that [Banyan] was resisting the other officers and that he injured Rule's meniscus in the struggle. Nor did [Banyan] address the argument that Becerra's use of his taser was lawful, given that he was resisting the officers and that he continued to resist after Becerra used his taser the first time." *Banyan v. Sikorski*, No. 17-cv-4942, 2021 WL 2156226, at *3 (S.D.N.Y. May 27, 2021).

### B. False Arrest

A "police officer is not liable for a false arrest under Section 1983 if probable cause to arrest the plaintiff existed for *any* crime—whether or not that particular crime was closely related

3

to the offense the officers said was the reason for arrest." *Kee v. City of New York*, 12 F.4th 150, 158-59 (2d Cir. 2021) (cleaned up). "Probable cause exists when one has knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." *Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014) (citation omitted). "More specifically, probable cause exists if a law enforcement officer received information from some person, normally the putative victim or eyewitness, unless the circumstances raise doubt as to the person's veracity." *Id.* (cleaned up).

Defendants had probable cause to arrest Banyan based on the Complainant's eyewitness identification. Defendants arrested Banyan after (i) the Complainant reported "his friend having been beaten and robbed" by a group of three Black men, one of whom wore a red vest; (ii) the Complainant identified Banyan "and the jacket just minutes after his friend's alleged assault"; and (iii) Banyan "matched the physical description initially given by the Complainant." *Banyan v. Sikorski*, No. 1:17-cv-4942, 2024 WL 2137882, at *1, *5 (S.D.N.Y. May 13, 2024). Banyan argues that the Complainant's identification was not reliable because Sikorski—not the Complainant—first saw Banyan, and because the Complainant's identification was made at night, at a distance, with obstructions in the way. But eyewitness reports with some indicia of unreliability still support probable cause when there are countervailing indicia of reliability. *See Curley v. Village of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (fact that police officer knew witnesses of arrestee's role in bar fight had been drinking did not vitiate probable cause). And the fact that Banyan and his comrades perfectly matched the Complainant's specific description of them as three men walking, with one wearing a red vest and carrying a jacket, bolstered the Complainant's

reliability. *Cf. Dancy v. McGinley*, 843 F.3d 93, 109 (2d Cir. 2016) ("[M]ere presence near someone who somewhat matches a vague description is not a reasonable basis for suspicion.").

Banyan also argues that Defendants lacked probable cause because the grand jury in Banyan's criminal case did not indict him on some charges, including "any charge related to the alleged robbery." Appellant's Br. at 47-48. It is unclear from the record whether the State decided not to pursue those charges or the grand jury affirmatively decided not to indict Banyan for them. Regardless, "the grand jury's refusal to indict [plaintiff] does not, as a matter of law, establish that the officers lacked probable cause to arrest." *Phillips v. Corbin*, 132 F.3d 867, 869 (2d Cir. 1998). So the grand jury's failure to indict Banyan on certain charges does not mean Defendants lacked probable cause to arrest him.

C.     Malicious Prosecution

"To establish a malicious prosecution claim under New York law, a plaintiff must prove '(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions.'" *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010).

When a grand jury indicts on a particular charge, "New York law creates a presumption of probable cause that can only be overcome by evidence that the indictment was the product of fraud, perjury, the suppression of evidence by the police, or other police conduct undertaken in bad faith." *Bermudez v. City of New York*, 790 F.3d 368, 377 (2d Cir. 2015) (cleaned up); *see Colon v. City of New York*, 60 N.Y.2d 78, 82 (1983). Here, that presumption attaches to the indicted counts of assault of Sikorski and Rule and resisting arrest. Banyan argues that the presumption of probable

5

cause was overcome because Sikorski downplayed the significance of a video of the arrest in his grand jury testimony and later offered conflicting testimony about it. But Sikorski's grand jury testimony was consistent with his later testimony about what took place—based on his recollection—during the video. Banyan has not overcome the presumption of probable cause for the indicted counts.

Probable cause also supported the unindicted counts: criminal possession of stolen property and assault of Tennariello. As explained, probable cause for criminal possession of stolen property was based on the Complainant's identification of Banyan. Probable cause can dissipate between arrest and prosecution if "the groundless nature of the charges [is] made apparent by the discovery of some intervening fact." *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 571 & n.2 (2d Cir. 1996) (citing *Callan v. State*, 73 N.Y.2d 731 (1988)). But the only "intervening fact" Banyan raises—that the Complainant left the scene, with the jacket, during the arrest—does not make apparent that the charge was "groundless." *See id.* at 571. The probable cause that justified Banyan's arrest also justified his prosecution.

With respect to the second unindicted court for assault of Tennariello, the district court noted that "[t]he facts, actual or apparent, known to Sikorski"—the officer who filed the criminal complaint against Banyan—were that "Tennariello had suffered a concussion and swelling to his hand and finger while arresting [Banyan], and that [Banyan] had appeared to be resisting Tennariello's attempts to arrest [Banyan]." *Banyan*, 2024 WL 2137882, at *9 (cleaned up). These facts "were strong enough to justify a reasonable man in the belief that Sikorski had lawful grounds for prosecuting [Banyan] for assaulting Tennariello." *Id.* (cleaned up); *see* N.Y. Penal Law § 120.08 ("A person is guilty of assault on a . . . police officer . . . when, with intent to prevent

6

a . . . police officer . . . from performing a lawful duty, he or she causes serious physical injury to such . . . police officer.").

On appeal, Banyan argues that a "jury considering *both* [parties' narratives of the encounter] could reasonably believe that Tennariello's injuries and Plaintiff's alleged attempts to resist arrest were only a result of violent actions by Tennariello himself." Appellant's Br. at 42. But the grand jury found that there was probable cause to indict Banyan for resisting arrest, and Banyan does not dispute that Tennariello suffered a concussion and an injury to his hand during the encounter. On these facts, there was probable cause to charge Banyan with assaulting Tennariello, and the jury's verdict in this case does not require us to find otherwise.

## II.    Evidentiary Rulings

Banyan challenges the district court's admission of two pieces of evidence at trial: (i) his 2006 conviction for second-degree criminal possession of a weapon; and (ii) a video of him at the police precinct after his arrest, in which he screamed at the police and acted violently. We review a district court's evidentiary rulings for abuse of discretion. *Boyce v. Soundview Tech. Grp., Inc.*, 464 F.3d 376, 385 (2d Cir. 2006). "An evidentiary ruling that is an abuse of discretion is . . . only reversible if it also affects a party's substantial rights." *Id.* (citation omitted).

### A.    Prior Conviction

Prior convictions are admissible for impeachment under Federal Rule of Evidence 609(a)(1), subject to Rule 403's balancing test. Fed. R. Evid. 609(a)(1)(A). That test considers: "(1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility

of the witness." *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) (citing *United States v. Hayes*, 553 F.2d 824, 828 (2d Cir. 1977)).[1]

The district court admitted evidence of Banyan's firearm conviction primarily based on the fourth factor, which it concluded "weighs heavily in favor of the admission of this past conviction," because "the jury will have to assess the credibility of the plaintiff and the officers to determine what occurred and whether any force used was excessive or not." Joint App'x at 153-54. Banyan argues that this analysis was wrong because "most of the encounter was recorded" on surveillance videos. Appellant's Br. at 61. But as the district court concluded, the videos were too blurry to provide meaningful evidence. We thus discern no abuse of discretion in the district court's decision to admit the evidence of Banyan's prior conviction with a limiting instruction. *See Crenshaw v. Herbert*, 409 F. App'x 428, 432 (2d Cir. 2011) (summary order) (admission of prior conviction not an abuse of discretion when it was "probative of [plaintiff's] veracity, a central issue in this case because the jury was required to choose between two contradictory versions of the underlying incident" (citation omitted)).[2]

B.     Precinct Video

Banyan argues that the precinct video was impermissible propensity evidence that must be excluded under Rule 404, which prohibits the admission of character evidence to "show that on a

---

[1] "[I]f more than 10 years have passed since [a] witness's conviction or release from confinement for it, whichever is later," a stricter balancing test applies. Fed. R. Evid. 609(b)(1). Banyan violated his parole on his 2006 conviction and was released from confinement in 2017, so his conviction was not subject to the stricter Rule 609(b)(1) balancing test.

[2] Banyan argues that the district court erred in concluding the third factor favored admission because "felony criminal possession of a weapon is a '*violent crime*,'" and he was accused of "'*violently*' resist[ing] arrest." Appellant's Br. at 60 (bold omitted). But the district court did not suggest the third factor was dispositive and, in any event, its conclusion that possessing a firearm is unlike the facts here was not an abuse of discretion.

particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). "We follow an inclusionary rule, allowing the admission of such evidence for any purpose other than to show . . . propensity, as long as the evidence is relevant and satisfies the probative-prejudice balancing test of Rule 403." *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000) (citation omitted). Here, as the district court concluded, the precinct video served a non-propensity purpose: showing Banyan's "condition after the incident," which was relevant for the jury to "evaluat[e] the impact of any force that was used on him and any injuries that he suffered." Joint App'x at 179.

The district court also reasonably concluded that the evidence was not unduly prejudicial under Rule 403 because the jury would "be instructed that they should consider what was known to the police officers at the time of the incident in evaluating the reasonableness of the use of force during the incident." *Id.* Banyan argues that the video "invited jurors to find against Banyan because they disapproved of his arguably threatening, belligerent behavior at the precinct" and confused them by "shift[ing] the jury's attention away from" the arrest. Appellant's Br. at 69-70. But those concerns were addressed by the limiting instruction, and we "presume that juries follow limiting instructions, . . . [unless] there is an overwhelming probability that the jury will be unable to follow the court's instructions and the evidence is devastating." *United States v. Gomez*, 617 F.3d 88, 96 (2d Cir. 2010) (citation omitted). The precinct video was not so prejudicial as to overcome that presumption, so we discern no abuse of discretion in the district court's ruling.

\* \* \*

We have considered Banyan's remaining arguments and find them to be without merit.

For the foregoing reasons, the district court's May 5, 2025 judgment is **AFFIRMED**.

                                   FOR THE COURT:
                                   Catherine O'Hagan Wolfe, Clerk of Court